IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LOREN L. LEISER, SR.,

                                              OPINION AND ORDER

          Plaintiff,

                                                11-cv-328-slc[1]

    v.

JEANNIE ANN VOEKS, R.N., DR. BRIAN J. BOHLMANN,
DR. KENNETH ADLER, DR. BRUCE GERLINGER,
DR. BRAUNSTEIN, DR. JOAN M. HANNULA,
DAVE ROCK, Nurse Practitioner,
PAMELA WALLACE, former SCI Warden,
BRADLEY HOMPE, former SCI Warden,
JOHN/JANE DOE(S) "SPECIAL NEEDS COMMITTEE" MEMBERS,
JOHN/JANE DOES(S) "COMMITTEE" APPROVING SURGICAL PROCEDURES,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Loren L. Leiser, a prisoner at the Stanley Correctional Institution, has filed a proposed complaint under 42 U.S.C. § 1983. It is 22 pages long and includes many claims, all but one of which involve allegations that defendants failed to give him needed medical care, primarily related to his knees. The other claim is that defendant Brian Bohlmann sexually assaulted him during what was supposed to be a medical exam. These claims may

---

[1] I am exercising jurisdiction over this case for the purpose of this order.

1

be joined under Fed. R. Civ. P. 18 and 20 because Bohlmann is included in plaintiff's claim for inadequate medical care as well.

Plaintiff has made an initial partial payment in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Under those provisions, a district court must review complaints filed by prisoners against public officials and dismiss any claims that fail to state a claim upon which relief may be granted.

I cannot allow plaintiff to proceed at this time because many portions of his complaint do not comply with Fed. R. Civ. P. 8, which requires plaintiffs to give defendants fair notice of his claims against them. In particular, plaintiff's complaint suffers from a problem that is common among pleadings filed by pro se parties: with respect to many claims, he does not explain how a particular defendant was involved in the alleged constitutional violation. These allegations are necessary because a prison official cannot be held liable under § 1983 for anyone's actions but his own. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") Even with respect to high-ranking officials such as a warden, the plaintiff must show that he participated in the constitutional violation in some manner. In other words, a supervisor cannot be held liable simply because individuals he supervises violated the constitution. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir.

2

2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.").

First, with respect to defendant Pamela Wallace, plaintiff includes no allegations about her other than that she is the former warden of the Stanley prison. That is not sufficient to show that she was personally involved in a violation of plaintiff's rights.

The same is true for the John Does who plaintiff says are part of the "Special Needs Committee." The problem is not that plaintiff does not know the names of the individuals on that committee; it is that plaintiff does not mention the "special needs committee" anywhere in the body of his complaint. Plaintiff must explain what he believes these committee members did to violate his rights.

A more prevalent problem is that plaintiff fails to identify which defendant or defendants he believes is responsible for an alleged constitutional violation. In many instances, he (1) alleges generally that "defendants" took a particular action (or refused to take action) without identifying which defendants are the subject of the allegation or what the involvement of each was; (2) uses the passive voice without identifying anyone who was responsible; and (3) seems to blame an official who is not named in the caption of his complaint. Some of these allegations include:

- Plaintiff was forced to endure significant physical pain for a long period of time while "the Defendants" obtained approval for the surgeries. Cpt. ¶ 29, dkt. #1. See also id. at ¶ 30.

3

- Plaintiff "was only allowed to stay in the hospital three (3) days" after his first knee surgery, which "denied him access to the hospital's physical therapy machines"; after discharge, plaintiff suffered from "a lack [of] access to appropriate physical therapy." Security director Reed Richardson (who is not a defendant) "refused to authorize physical therapy at the Stanley Hospital." Id. at ¶ 34.

- Plaintiff "injured his shoulders because the Defendants failed to provide adequate facilities to Leiser." Id. at ¶ 47.

- "[S]ecurity staff refused to use the soft cuffs." Id. at ¶ 71.

I cannot consider these allegations unless they are tied to a defendant who is named in the caption.

Even when plaintiff identifies particular defendants, he does not always describe the context of his allegation. For example, he alleges generally that defendants Adler, Gerlinger. Braunstein and Bohlmann "refused to issue any narcotic pain medications to alleviate Leiser's pain or reduce the level of pain prior to surgery." Id. at ¶ 56. However, he does not describe the circumstances of these alleged denials, except with respect to Gerlinger. He does not explain what these defendants knew about his pain, what treatment they prescribed, if any, and what reasons they gave for their actions. In addition, he does not say when these alleged denials occurred or in what setting. To satisfy Rule 8, plaintiff must identify the particular actions of each defendant that he believes violated his rights.

Another problem is that plaintiff lists the Americans with Disabilities Act and the Rehabilitation Act in his complaint, but he does not include allegations tied to these legal

4

theories. If he wishes to proceed under these statutes, he must identify the disability he has. That is, he must identify a "physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). In addition, he must identify "the services, programs, or activities" of the prison that are being denied him because of his disability. 42 U.S.C. § 12132. Finally, he must identify the "reasonable accommodation" he is seeking that a particular defendant has refused to provide. 42 U.S.C. § 12131(2). Plaintiff has not included any of these allegations in his complaint.

A more general problem with his complaint is that it includes so many different incidents and defendants that it is difficult for the court to determine what is a claim and what is simply background. It would be useful if plaintiff included a summary of his claims and the defendant or defendants he means to sue for each claim. This will help the court understand more precisely which actions or inactions by which defendants plaintiff believes led to the violation of his constitutional rights.

I will give plaintiff an opportunity to file an amended complaint that addresses these concerns. Plaintiff should review his entire complaint and consider whether each claim provides adequate notice. In particular, plaintiff should make sure that for each claim he has included: (1) the facts that form the basis for the claim; and (2) what a particular defendant did that makes him or her liable for violating plaintiff's rights. More generally, plaintiff should view the exercise as telling a story to people who know nothing about his

5

situation. If plaintiff chooses not to file an amended complaint, I will screen his original complaint, but I will dismiss any claims that do not comply with Rule 8.

ORDER

IT IS ORDERED that plaintiff Loren Leiser may have until June 23, 2011 to file an amended complaint that addresses the problems identified in this order and gives defendants fair notice of plaintiff's claims, as required by Fed. R. Civ. P. 8. If plaintiff does not respond by that date, I will screen plaintiff's original complaint under 28 U.S.C. §§ 1915 and 1915A.

Entered this 9th day of June, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

6