IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

LOREN L. LEISER, SR.,

                                              Plaintiff,

v.                                                                      ORDER

                                                                                       11-cv-328-slc

JEANNIE ANN VOEKS R.N., DR. BRIAN J. BOHLMAN,
DR. KENNETH ADLER, DR. BRUCE GERLINGER,
DR. BRAUNSTEIN, DR. JOAN M. HANNULA,
BRADLEY HOMPE, JAMES GREER, REED RICHARDSON,
HOLLY GUNDERSON, TIMOTHY HAINES,
JODI DOUGERTY, CHERYL WEBSTER,
KENNETH MILBECK, MATTHEW GERBER,
JEROME SWEENEY, PATRICK LYNCH, JUDY BENTLEY,
PATRICIA SCHERREIKS, RENE ANDERSON, DAVID BURNETT,
DR. SPEERS AND JAMES LABELLE[1],

                                              Defendants.
_____

        On April 6, 2012, the attorney for the newly named Doe defendants in this case filed their answer to plaintiff's amended complaint. The attorney, however, did not accept service for defendant Dr. Speers, stating that the Department of Corrections has no record of ever having employed a physician with the last name of Speers. The attorney further states that previously there was a Dr. Spencer employed as a *locum tenens* physician with the DOC but he was not, and is not, an employee of the State of Wisconsin. This raises the questions whether plaintiff has the correct name of the doctor and whether this doctor ever served on DOC committee that approves surgery (it seems unlikely that this defendant would have served on the committee if he was not actually employed by the DOC). In order to serve this defendant, the U.S. Marshal will need a name (and only one name) to search for. Therefore, I will give plaintiff

---

[1] I have amended the caption to replace the Jane/John Doe(s) with the names Holly Gunderson, Timothy Haines, Jodi Dougherty, Cheryl Webster, Kenneth Milbeck, Matthew Gerber, Jerome Sweeney, Patrick Lynch, Judith Bentley, Patricia Scherreiks, Rene Anderson, Dr. David Burnett and James Labelle, as identified in the body of plaintiff's supplement to his complaint.

a short period of time to respond to defendants' assertions about Dr. Speers/Spencer—plaintiff should explain whether he wishes to press forward on his claim against this doctor seeing as it now appears unlikely that this doctor served on the DOC committee. If plaintiff does wish to pursue his claim, he will have to settle on *one* name; he should explain whether he wants the U.S. Marshal to attempt to serve either Speers or Spencer. He should include any more information he has about this defendant to assist the U.S. Marshal in accomplishing service.

ORDER

IT IS ORDERED that plaintiff may have until May 18, 2012 to respond to defendants' information regarding defendant Speers/Spencer as outlined above.

Entered this 4th day of May, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge